[Cite as *State v. Gray*, 2018-Ohio-1939.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-601 |
| v. | : | (M.C. No. 2017TRD-150522) |
| Justin W. Gray, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 17, 2018

**On brief:** *Zach Klein*, City Attorney, *Lara N. Baker*, and *Melanie R. Tobias*, for appellee.

**On brief:** *Justin W. Gray*, pro se.

APPEAL from the Franklin County Municipal Court

DORRIAN, J.

{¶ 1} Defendant-appellant, Justin W. Gray, appeals from the July 25, 2017 judgment of the Franklin County Municipal Court convicting him of R.C. 4511.48(C). For the following reasons, we reverse.

## I. Facts and Procedural History

{¶ 2} On June 20, 2017, appellant was charged with a minor misdemeanor pedestrian violation pursuant to R.C. 4511.48(C). Appellant pled not guilty to the charge and the case proceeded to a bench trial. The trial court found plaintiff-appellee, State of Ohio, had proven beyond a reasonable doubt the elements of the case.

## II. Assignments of Error

{¶ 3} Appellant appeals and assigns the following four assignments of error for our review:

I. THE TRIAL COURT ERRED BY ARGUING A DIFFERENT CHARGE THAN THE ONE SPECIFIED ON APPELLANT'S ORIGINAL COMPLAINT.

II. THE TRIAL COURT ERRED BY FINDING APPELLANT GUILTY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

III. THE TRIAL COURT MADE AN ERROR IN LAW AS IT PERTAINS TO RIGHT OF WAY.

IV. THE TRIAL COURT ERRED BY EMPLOYING PROCEDURES THAT DENIED APPELLANT HIS FUNDAMENTAL DUE PROCESS RIGHT TO BE HEARD.

## III.  Discussion

{¶ 4} Appellee concedes error as to the first, second, and third assignments of error and states:

Appellee concedes that Appellant was charged under the incorrect code section and that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence.

{¶ 5} Further, appellee provides by way of explanation:

Appellant's First, Second and Third Assignments of Error are interrelated and thus will be addressed together for the sake of efficiency. Appellant was charged with a minor misdemeanor pedestrian violation pursuant to Revised Code 4511.48(C) which provides: "Between adjacent intersections at which traffic control signals are in operation, pedestrians shall not cross at any place except in a marked crosswalk." At trial, the evidence presented by the state established that Appellant was in fact in an unmarked crosswalk and thus the proper subsection under which to cite Appellant was R.C. 4511.48(A), which provides: "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles, trackless trolleys, or streetcars upon the roadway." Tr. 8, 10. Further, Appellant is correct that the state argued to the trial court and presented its evidence as though Appellant was in fact charge[d] with R.C. 4511.48(A). Tr. 3, 8, 10. To this end, even if Appellant had been cited with the proper subsection of R.C. 4511.48, subsection (A), the evidence presented by the State was not

> sufficient to support a finding that Appellant did not yield the right of way. The unrefuted testimony at trial was that Appellant crossed the roadway in an unmarked crosswalk, yielding to a stopped COTA bus, when he was struck by an oncoming vehicle that had left its lawful lane of travel in an attempt to pass the stopped bus. Tr. 6-8. After reviewing the record and for all the aforementioned reasons, Appellee concedes that Appellant's conviction was not supported by sufficient evidence and was against the manifest weight of the evidence.

(Appellee's Brief at 1-2.)

{¶ 6}   Appellee finally argues that because it has conceded error on the first, second, and third assignments of error, the fourth assignment of error is moot.

{¶ 7}   We accept appellee's concession of error as to the first, second, and third assignments of error, and predicated on this concession, we sustain the same.  We further find the fourth assignment of error moot.

## IV.  Conclusion

{¶ 8}   We sustain appellant's first, second, and third assignments of error and find the fourth assignment of error to be moot.  Accordingly, we reverse and vacate the judgment of the Franklin County Municipal Court.

*Judgment reversed.*

TYACK and KLATT, JJ., concur.